UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLISHA SHAVONNE BROWN, | No. 2:19-cv-0029-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| CLEAR CAPITAL, et al., | |
| Defendants. | |

Plaintiff Marlisha Brown, who proceeds without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Additionally, Federal Rule of Civil Procedure 8 requires, in part, that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.") A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like. McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996) (affirming dismissal of complaint for violation of Rule 8 after warning). This requirement is because a complaint must only set forth the *alleged facts* in support of the plaintiff's claims and need not include any documentary evidence, which may be presented at a

later point in the case.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

In this case, plaintiff's complaint is 106 pages long and contains numerous potential evidentiary exhibits (such as work performance reports, e-mails, medical charts, and notes drafted by plaintiff). As such, the complaint is not a short and plain statement of plaintiff's claim and is subject to dismissal on that basis.

The complaint is also subject to dismissal on more substantive grounds. As far as the court can tell, plaintiff alleges that she was wrongfully terminated when her former employer, Clear Capital, failed to reasonably accommodate her disability in violation of the Americans with Disabilities Act ("ADA"). Title 42 U.S.C. § 12112 provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "In order to state a claim for violation of the ADA, [plaintiff] must allege that (1) she has a disability; (2) she was qualified for the job in spite of her disability; and (3) [the employer] discriminated against her based on the disability." McCormack v. Advanced Micro Devices, 1994 WL 715655, at *1 (N.D. Cal. Dec. 20, 1994) (citing Tyndall v. National Education Centers, 31 F.3d 209, 212 (4th Cir. 1994)). "To establish that she was qualified, [plaintiff] must show that she could have performed the essential functions of her job with reasonable accommodation by [the employer]." Id. Plaintiff's original complaint fails to identify exactly what is her disability and fails to allege sufficient facts that she was qualified for the job in spite of her disability, i.e. that she could have performed the essential functions of her job with reasonable accommodation.

////

Finally, the original complaint also purports to state claims against individual supervisors or managers at Clear Capital (Shanda McMonigal, Michelle Davidson, and William Douglas). However, a majority of district courts in the Ninth Circuit have concluded that an individual supervisor cannot be held liable under the ADA. See, e.g., Cai v. Chiron Corp., 2004 WL 1837985, at *4 (N.D. Cal. Aug. 17, 2004) (collecting cases); Stern v. California State Archives, 982 F. Supp. 690, 692 (E.D. Cal. 1997). Therefore, plaintiff's claims against the individual defendants are not viable.

In light of the above, the court dismisses plaintiff's original complaint, but with leave to amend. If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall be limited to 15 pages (attaching as exhibits only the administrative charges filed with the EEOC/DFEH and any right-to-sue letter(s) issued); shall assert a claim under the ADA against defendant Clear Capital only; shall address the other pleading deficiencies outlined above; and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that she is unable to amend her complaint to state a viable claim in accordance with her obligations under Federal Rule of Civil Procedure 11, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed with leave to amend.
3. Within 28 days of this order, plaintiff shall file either a first amended complaint in compliance with this order or a request for voluntary dismissal of the action without

prejudice.

4. Failure to timely comply with this order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: January 25, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE